IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 30 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 3:16-cv-768 TSL-RHW |
| v. ) ) | JURY TRIAL DEMANDED |
| ) ) KOCH FOODS OF MISSISSIPPI, LLC ) ) Defendant. ) ) | |

**COMPLAINT**

**NATURE OF THE ACTION**

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to an employee of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to Yulanda Brown ("Brown") as a result of such unlawful payments under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Yulanda Brown.

As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that beginning as early as October, 2007, and continuing through the present, Defendant Koch Foods of Mississippi, LLC ("Defendant" or "Koch Foods") subjected Brown to discrimination on the basis of her sex (female), by paying her disparate wages compared to her similarly situated male comparator and disparate treatment with respect to the terms and conditions of her employment based on her sex (female), in violation of

1

Title VII and the Equal Pay Act, and by paying Brown wages substantially less than her male comparator for substantially equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Northern Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action by Sections 16(c) and 17" of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3)..

4. At all relevant times, Defendant has continuously been and is now doing business in the State of Mississippi and the City of Morton, and has continuously had at least 15 employees.

2

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j), and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Brown filed a charge of discrimination with the Commission alleging violations of Title VII and the EPA by Defendant.

9. On May 5, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the EPA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The EEOC endeavored to eliminate the employment practices made unlawful by the EPA by conciliation; the EEOC also endeavored to eliminate the allegedly unlawful

3

employment practices under Title VII by conciliation. However, EEOC was unable to secure a conciliation agreement acceptable to the Commission.

11. On August 16, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation under the EPA.

12. On September 14, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation under Title VII.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT ONE
## STATEMENT OF TITLE VII CLAIMS

14. Since at least October 2007, Defendant Koch Foods engaged in unlawful employment practices at its Morton, Mississippi plant in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant has subjected Brown to disparate treatment with respect to the terms and conditions of her employment based on her sex (female).

15. Brown was promoted to the position of day shift Plant Coordinator on October 29, 2007. On and after that date, Danny Weems ("Weems"), a white male, has been employed in the same position or a substantially similar position requiring equal skill, effort, and responsibility under similar working conditions to Brown.

16. At all times since October 27, 2007 Brown has been paid lower wages, and a lower rate of pay than Weems. Brown has requested to be paid on an equal basis as Weems, but her requests for pay increases and equal pay have been denied.

17. The effect of the practices complained of in paragraphs 14 through 16 has been to deprive Brown of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex, female.

18. The unlawful employment practices complained of in paragraphs 14 through 16 above were and are intentional.

19. The unlawful employment practices complained of in paragraphs 14 through 16 above were and are done with malice or with reckless indifference to the federally protected rights of Brown.

## COUNT TWO
## STATEMENT OF EQUAL PAY ACT CLAIMS

20. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 19 herein as if fully copied and repeated herein.

21. The actions of Defendant described herein violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(l) and 215(a)(2) by paying Brown, a female Plant Coordinator, lower pay, and rates of pay, than paid to Danny Weems, a male Plant Coordinator at the same plant.

22. As a result of the acts complained of in paragraphs 1 through 21 above, Defendant has unlawfully withheld and is continuing to withhold the payment of wages due to Brown.

23. The unlawful practices complained of in paragraphs 20 through 22 above were and are willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting Brown to disparate treatment with respect to the terms and conditions of her employment based on her sex, and paying

5

Brown lower pay, and rates of pay, than paid to male Plant Coordinators.

    B.    Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from paying wages to employees of one sex at rates less than the rates at which they pay wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

    C.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

    D.    Order Defendant to make Brown whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    E.    Grant a judgment requiring Defendant to pay appropriate back wages, an equal sum as liquidated damages, and prejudgment interest to Brown, or to Plaintiff for the benefit of Brown, in amounts to be determined at trial, and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    F.    Order Defendant to make Brown whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

    G.    Order Defendant to make Brown whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described

above, in amounts to be determined at trial.

H.      Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

I.      Grant such further relief as this Court deems necessary and proper in the public interest.

J.      Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

C. Emanuel Smith (MS 7473)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2045
Fax: (205) 212-2041
emanuel.smith@eeoc.gov

7

_/s/ Marsha L. Rucker_
MARSHA L. RUCKER (PA 90041)
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2046
Fax: (205) 212-2041
marsha.rucker@eeoc.gov

ATTORNEYS FOR PLAINTIFF